■ JOSEPH PIERCE, Respondent, v FRANCIS MOREAU et al., Doing Business as FRENCHIE's, Appellants, et al., Defendant. [633 NYS2d 631] —Cardona, P. J. Appeal from that part of an order of the Supreme Court (Keniry, J.), entered November 21, 1994 in Schenectady County, which partially denied a motion by defendants Francis Moreau and Mary Ann Moreau for summary judgment dismissing the complaint against them.

Defendants Francis Moreau and Mary Ann Moreau (hereinafter collectively referred to as defendants) are the owners and bartenders for a bar and grill known as "Frenchie's Tavern" located in the City of Schenectady, Schenectady County. On August 15, 1992, plaintiff, while a patron at this establishment, was allegedly assaulted by another patron, defendant Joseph Ricci, just outside the tavern's exit. Plaintiff sustained a broken jaw and other injuries as a result of this altercation and commenced this action alleging, *inter alia*, theories of common-law negligence and violation of the Dram Shop Act (*see*, General Obligations Law § 11-101). Following a motion by defendants for summary judgment, Supreme Court dismissed the Dram Shop claim but ruled that questions of fact precluded such relief with respect to the common-law negligence claim. This appeal by defendants ensued.

We affirm. It is well settled that a tavern owner owes "a duty to adequately supervise and control the patrons consuming alcoholic beverages within the area where supervision and control might reasonably be exercised" (*Lippman v Hines*, 138 AD2d 845, 846). Here, we conclude that arguable questions of fact raised by the parties' opposing motion papers are sufficient to avoid the drastic remedy of summary judgment (*see*, CPLR 3212 [b]). While plaintiff's proof raises an inference that Ricci's conduct in the tavern that evening may have been suf-

ficiently disruptive to have given defendants "reasonable cause to anticipate [Ricci's] assaultive acts and the probability of injury resulting therefrom" (*Heavlin v Gush*, 197 AD2d 773, 774), it is notable that plaintiff's proof does not clearly assert any awareness of Ricci's behavior by defendants and plaintiff denies that defendants ever intervened in any way. In contrast, however, defendants themselves aver that they intervened when Ricci reportedly harassed another patron and allegedly expelled Ricci from the bar. Since we find that these contrasting versions of the evening's events and defendants' knowledge of same raise triable issues, we conclude that Supreme Court appropriately denied that part of defendants' motion.

Finally, in light of the relatively close issues presented in this case, we do not find plaintiff's request for the imposition of sanctions against defendants for pursuing this appeal to be appropriate (*cf.*, *Gregware v Key Bank*, 218 AD2d 859).

White, Casey, Yesawich Jr. and Spain, JJ., concur. Ordered that the order is affirmed, with costs.