■ ALAN SAHR et al., Respondents-Appellants, v SUSAN R. SCHMIDLI et al., Appellants-Respondents, et al., Defendants. [653 NYS2d 468] —Order affirmed without costs. Memorandum: Plaintiffs commenced this action in 1984 to recover damages for injuries sustained when they were assaulted in a bar owned by defendant Baretta's Lounge, Inc., in the City of Niagara Falls. The complaint alleges that defendants are liable under the Dram Shop Act (General Obligations Law § 11-101) for unlawfully selling alcohol to the assailants, who were allegedly intoxicated at the time of the assault. The complaint further alleges causes of action for negligence and breach of warranty. Defendants moved for summary judgment dismissing the complaint and plaintiffs cross-moved for partial summary judgment. Supreme Court granted in part defendants' motion for summary judgment by dismissing the third and sixth causes of action for breach of warranty, dismissing all causes of action against defendants Baretta Realty Corp. and Ronald Schmidli, and limiting the scope of liability of defendant Susan R. Schmidli "to those claims of negligence that can be directly attributed to her." The court denied plaintiffs' cross motion for partial summary judgment in its entirety. Both defendants and plaintiffs appeal, and we affirm.

The court properly denied defendants' motion with respect to the causes of action under the Dram Shop Act because defendants failed to offer proof "negat[ing] the possibility that alcohol was unlawfully served" to the assailants (*Costa v 1648 Second Ave. Rest.*, 221 AD2d 299, 301; *cf., MacDougall v Kelsch*, 161 AD2d 886, 887). The court also properly denied plaintiffs' cross motion for partial summary judgment with respect to those causes of action because plaintiffs failed to meet their initial burden of establishing entitlement to judgment as a matter of law (*see, Zuckerman v City of New York*, 49 NY2d 557, 562). In support of their motion, plaintiffs submitted proof that, during the two hours preceding the attack on plaintiffs, the assailants were served four or five bottles of beer and an

equal number of whiskey shots. Because the effect of alcohol "may differ greatly from person to person" (*Burnell v La Fountain*, 6 AD2d 586, 590), however, "a factual determination of intoxication cannot be made solely on the basis of how much alcohol a person has consumed" (*Senn v Scudieri*, 165 AD2d 346, 350; *see, Burkhard v Sunset Cruises*, 191 AD2d 669). Moreover, although the bartender, defendant Thomas Brown, testified that the assailants appeared to have been intoxicated at 10:30 on the night in question, plaintiffs failed to establish that they were thereafter served alcohol. We further conclude that the court properly denied the motion and cross motion with respect to the negligence causes of action. Whether defendants were negligent in maintaining the silent alarm in the bar, which was inoperative, is an issue of fact for trial. Other triable issues of fact that have been raised are whether defendants had the opportunity to control the conduct of the assailants and whether they were reasonably aware of the necessity for such control (*see, Cavanaugh v Knights of Columbus Council 4360*, 142 AD2d 202, 204, *lv denied* 74 NY2d 604; *see also, D'Amico v Christie*, 71 NY2d 76, 85; *Garofalo v Henrietta Italia, Inc.*, 175 AD2d 580, 581).

Finally, for reasons stated in the court's decision, we reject the remaining contentions of plaintiffs.

All concur, Wesley, J., not participating. (Appeals from Order of Supreme Court, Niagara County, Rath, Jr., J.—Summary Judgment.) Present—Denman, P. J., Pine, Wesley, Doerr and Balio, JJ.