■ KATHLEEN DOLLAR, Respondent-Appellant, v KEVIN M. O'HEARN et al., Appellants-Respondents. [670 NYS2d 230] —Yesawich Jr., J. Cross appeals from an order of the Supreme Court (Canfield, J.), entered January 23, 1997 in Albany County, which, inter alia, denied defendants' motion for summary judgment dismissing the complaint.

At a private function held at a Holiday Inn in the Town of Colonie, Albany County, plaintiff was pulled onto the crowded dance floor by several other guests. Within moments after plaintiff reached the floor, a number of other women, dancing and, according to plaintiff, intoxicated at the time, fell, causing a "chain reaction" which ended when plaintiff was knocked down by two of the women with whom she had been dancing; plaintiff fractured her wrist in the fall.

Plaintiff commenced this action against defendants, operators of the hotel at the time of her accident, charging them with negligence and violation of General Obligations Law § 11-101, the Dram Shop Act, for allegedly serving alcoholic beverages to individuals who were visibly intoxicated and failing to appropriately supervise their patrons. After issue was joined and depositions conducted, defendants moved for summary judgment and plaintiff cross-moved for permission to amend her complaint to add a cause of action pursuant to General Obligations Law § 11-100, which prohibits the furnishing of alcoholic beverages to those under age 21. Both motions were denied and these cross appeals followed.

Defendants maintain that because plaintiff did not see any of the persons who fell on her actually consuming an alcoholic beverage while in an intoxicated state, her Dram Shop claim must fail. We disagree for the record evidence, viewed in the light most favorable to plaintiff, establishes that these individuals were, in fact, visibly intoxicated for a substantial period of

time prior to the accident, and that in addition to dispensing drinks and pitchers of beer from a bar, hotel staff provided each table with carafes of wine that were refilled throughout the evening. Defendants, who bear the initial burden on their summary judgment motion, have not come forth with any proof that these women were not, as plaintiff avers, noticeably intoxicated or that they left the premises or obtained any alcohol from another source. Nor is there any direct evidence that the individuals in question were not served alcohol while at the Holiday Inn (*see, Cole v O'Tooles of Utica*, 222 AD2d 88, 93). At the very least, plaintiff's testimony raises questions of fact with respect to these issues (*see, Fishman v Beach*, 214 AD2d 920, 922). Accordingly, summary judgment on this cause of action was properly denied (*see, Sahr v Schmidli*, 236 AD2d 785; *Ryan v Big Z Corp.*, 210 AD2d 649, 651).

Neither have defendants demonstrated their right to judgment with respect to plaintiff's negligence claim. Plaintiff's uncontroverted assertions that many of the guests were loud, boisterous and rowdy, and some were even stumbling and falling down due to intoxication, are sufficient to raise questions of fact as to whether defendants should have been aware, through their employees, that a potentially dangerous situation existed, and if so, whether they breached their duty to exercise adequate supervision and control over their patrons' behavior (*see, Sahr v Schmidli, supra*, at 786; *Pierce v Moreau*, 221 AD2d 763).

Regarding plaintiff's cross appeal, we are not persuaded that Supreme Court erred in denying her motion to amend the complaint for she has made no evidentiary showing—aside from her own conclusory assertion—that any of the women involved in the incident were under 21 years old (*see, Mathiesen v Mead*, 168 AD2d 736, 737), nor has she tendered any excuse for waiting almost three years after commencing the action to amend her pleading (*see, id.*).

Mikoll, J. P., Crew III and Peters, JJ., concur. Ordered that the order is affirmed, without costs.