■ FRANCES KOEHANE, Individually and as Administratrix of the Estate of DEBORAH GUISE, Deceased, Respondent, v LAKEFRONT PIER RESTAURANT, INC., Doing Business as BREAKERS WATERFRONT RESTAURANT, et al., Defendants, and ANCHOR BOAT SALES, INC., Appellant. ROBERT STEFANSKI, Respondent, v LAKEFRONT PIER RESTAURANT, INC., Doing Business as BREAKERS WATERFRONT RESTAURANT, et al., Defendants, and TRESTLE LANDING HOLDING CORP., Doing Business as ANCHOR BOAT SALES, Appellant. (Appeal No. 1.) [676 NYS2d 363] —Order unanimously affirmed without costs. Memorandum: Supreme Court properly denied the motions of defendants Trestle Landing Holding Corp., doing business as Anchor Boat Sales (Trestle), and Lakefront Pier Restaurant, Inc., doing business as Breakers Waterfront Restaurant (LPR, Inc.), for summary judgment in these actions resulting from a boating accident in which it is alleged, *inter alia*, that the drivers of the two boats were impaired due to the consumption of alcohol. Trestle did not meet its initial burden on its motion because it failed to establish that it was no longer the "owner" of the boat driven by

Hammond at the time of the accident (*see, Panzella v Major Chevrolet,* 209 AD2d 594). LPR, Inc., also failed to establish its entitlement to judgment as a matter of law because it failed to negate the possibility that alcohol was served in violation of the Dram Shop Act (General Obligations Law § 11-101; *see also,* Alcoholic Beverage Control Law § 65) to defendants Richard L. Hammond and Robert Guise before the accident (*see, Sahr v Schmidli,* 236 AD2d 785). (Appeal from Order of Supreme Court, Erie County, Glownia, J.—Summary Judgment.) Present—Pine, J. P., Hayes, Wisner, Balio and Fallon, JJ.