920

■ TERESA SMITH, Appellant, v BLUE MOUNTAIN INN, INC., et al., Respondents, et al., Defendant. [680 NYS2d 386] —Order unanimously modified on the law and as modified affirmed with costs to plaintiff in accordance with the following Memorandum: Plaintiff sustained injuries when defendant Roy Kyler, a fellow patron of the Blue Mountain Inn, threw an ashtray at the bartender, and the ashtray instead hit plaintiff in the face. Supreme Court erred in granting that part of the motion of defendants Blue Mountain Inn, Inc. (Blue Mountain), the operator of the Blue Mountain Inn, John W. Ellison and Deborah Ruth Williams for summary judgment dismissing the Dram Shop cause of action against Blue Mountain. Blue Mountain did not meet its burden of establishing as a matter of law that Kyler was not visibly intoxicated when he was served alcoholic beverages (see, Koehane v Lakefront Pier Rest., 252 AD2d 962; Dollar v O'Hearn, 248 AD2d 886; Duran v Poggio, 244 AD2d 162; Sahr v Schmidli, 236 AD2d 785). The court likewise erred in granting that part of the motion of Blue Mountain, Ellison and Williams for summary judgment dismissing the negligence cause of action against Blue Mountain. The evidence submitted by Blue Mountain raises factual issues whether Blue Mountain had an opportunity to control Kyler's conduct and whether Blue Mountain was reasonably aware of the necessity for such control (see, D'Amico v Christie, 71 NY2d 76, 85; Sahr v Schmidli, supra, at 786; Cittadino v DeGironimo, 198 AD2d 801, 802).

We have examined the remaining arguments advanced by plaintiff and conclude that they are without merit. (Appeal from Order of Supreme Court, Erie County, Whelan, J.—Summary Judgment.) Present—Green, J. P., Pigott, Jr., Balio and Fallon, JJ.