OPINION OF THE COURT
 

 Ciparick, J.
 

 Under CPLR article 16, a defendant may apportion its liability for noneconomic damages among other tortfeasors provided that it is 50% or less at fault (CPLR 1601 [1]). The issue before us, as certified, by the United States Court of Appeals for the Second Circuit, is whether CPLR 1602 (2) (iv) precludes apportionment where a defendant’s liability arises from a breach of a non-delegable duty. We hold that CPLR 1602 (2) (iv) is not an exception to apportionment under CPLR article 16, but a savings provision that preserves the principles of vicarious liability.
 

 Plaintiff Neville Rangolan was incarcerated at the Nassau County Correctional Center where he was seriously beaten by Steven Bung, a fellow inmate. Rangolan had cooperated as a confidential informant against King, and his inmate file cautioned that he was not to be housed with King. A corrections officer, however, failed to notice the warning and placed Rangolan and King in the same dormitory. Rangolan and his wife commenced this action against defendant Nassau County in Federal court, alleging, among other things, negligence for failure to protect Rangolan and violation of his Eighth Amendment rights under 42 USC § 1983. The United States District Court dismissed Rangolan’s section 1983 claim, but granted his motion for judgment as a matter of law on his negligence claim and ordered a trial on damages. The District Court denied the County’s request to instruct the jury on apportionment of damages between the County and King, concluding that CPLR 1602 (2) (iv) rendered apportionment under article 16 unavailable where the County’s liability arose from a breach of a non-delegable duty.
 

 The jury awarded Rangolan damages for past and future pain and suffering, and also awarded damages to Rangolan’s wife for loss of services. On the County’s motion, the Court ordered a new trial on damages unless the Rangolans stipulated to a reduced award. The Rangolans accepted the reduced
 
 *46
 
 award and both parties appealed to the United States Court of Appeals for the Second Circuit, which affirmed the dismissal of Rangolan’s section 1983 claim. However, noting the absence of controlling precedent interpreting CPLR 1602 (2) (iv), the Second Circuit certified to us the following question: “whether a tortfeasor such as the County can, in the facts and circumstances of this case, seek to apportion its liability with another tortfeasor such as King pursuant to N. Y. C.P.L.R. 1601, or whether N. Y. C.P.L.R. 1602 (2) (iv) precludes such a defendant from seeking apportionment.” We answer the first part of the question in the affirmative, and thus the second part in the negative.
 

 Analysis
 

 CPLR article 16 modifies the common-law rule of joint and several liability by limiting a joint tortfeasor’s liability in certain circumstances (L 1986, ch 682). Prior to article 16’s enactment, a joint tortfeasor could be held liable for the entire judgment, regardless of its share of culpability (see,
 
 Sommer v Federal Signal Corp.,
 
 79 NY2d 540, 556). The Governor’s Advisory Commission on Liability Insurance, chaired by former Court of Appeals Judge Hugh R. Jones, had recommended that the rule of joint and several liability be amended “to assure that no defendant who is assigned a minor degree of fault can be forced to pay an amount grossly out of proportion to that assignment” (Insuring Our Future, Report of Governor’s Advisory Commission on Liability Insurance, at 132 [Apr. 7, 1986]). Article 16, as enacted, limits a joint tortfeasor’s liability for noneconomic losses to its proportionate share, provided that it is 50% or less at fault (CPLR 1601 [1]). While article 16 was intended to remedy the inequities created by joint and several liability on low-fault, “deep pocket” defendants, it is nonetheless subject to various exceptions that preserve the common-law rule. At issue here is whether CPLR 1602 (2) (iv) is one of those exceptions.
 

 CPLR 1602 (2) (iv) provides that article 16 shall “not be construed to impair, alter, limit, modify, enlarge, abrogate or restrict * * * any liability arising by reason of a non-delegable duty or by reason of the doctrine of respondeat superior.” This is not an exception to the rule of apportionment. Rather, it is one of four provisions in 1602 (2) that reaffirm “certain preexisting statutory and common law limitations on liability” (Alexander, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR 1602, at 616).
 

 
 *47
 
 Specifically, CPLR 1602 (2) (iv) is a savings provision that preserves principles of vicarious liability. It ensures that a defendant is liable to the same extent as its delegate or employee, and that CPLR article 16 is not construed to alter this liability
 
 (see,
 
 Alexander, Practice Commentaries,
 
 op. cit.,
 
 at 616-617;
 
 see also,
 
 Kreindler, Rodriguez, Beekman & Cook, New York Law of Torts § 10.11, at 602-603 [14 West’s NY Prac Series 1997]). Thus, for example, a municipality that delegates a duty for which the municipality is legally responsible, such as the maintenance of its roads, to an independent contractor remains vicariously liable for the contractor’s negligence, and cannot rely on CPLR 1601 (1) to apportion liability between itself and its contractor
 
 (see, Faragiano v Town of Concord,
 
 96 NY2d 776 [decided today];
 
 see also,
 
 Kreindler, Rodriguez, Beekman & Cook,
 
 op. cit.,
 
 at 602-603 [premises owner having a non-delegable duty]). Similarly, CPLR 1602 (2) (iv) prevents an employer from disclaiming respondeat superior liability under article 16 by arguing that the true tortfeasor was its employee. However, nothing in CPLR 1602 (2) (iv) precludes a municipality, landowner or employer from seeking apportionment between itself and other tortfeasors “for whose liability [it] is not answerable”
 
 (id.,
 
 at 603).
 

 Our interpretation of CPLR 1602 (2) (iv) as a savings provision, and not an exception, is supported by the statutory scheme of CPLR 1602. CPLR 1602 includes several exceptions to the apportionment rule, all of which explicitly provide that article 16 shall
 
 “not
 
 apply” in certain circumstances (CPLR 1602 [3]-[11] [emphasis added]). CPLR 1602 (2) (iv), however, does not contain this prefatory language, but instead provides that the limitations on liability shall
 
 “not be construed”
 
 to impair, limit or modify any liability arising from a non-delegable duty or respondeat superior (emphasis added)
 
 (see also,
 
 CPLR 1602 [12] [containing the same shall “not be construed” language]). This language indicates that the Legislature did not intend 1602 (2) (iv) to establish a free-standing exception to the apportionment rule. Rather, 1602 (2) (iv) was merely intended to insure that the courts did not read article 16 as altering pre-existing law regarding respondeat superior or nondelegable duties. Thus, it was solely a savings provision. Further, where, as here, the Legislature uses different terms in various parts of a statute, courts may reasonably infer that different concepts are intended
 
 (Matter of Albano v Kirby,
 
 36 NY2d 526, 530; McKinney’s Cons Laws of NY, Book 1, Statutes § 236, at 403). Given the precise “shall not apply” language
 
 *48
 
 chosen by the Legislature to describe the exceptions, the absence of such language in CPLR 1602 (2) (iv) indicates that the Legislature never intended to include an exception for liability based on a breach of a non-delegable duty.
 

 Opinion per Cipabick, J.
 

 Reinforcing this interpretation is the existence of a separate non-delegable duty exception under subdivision (8) of the same section. CPLR 1602 (8) provides that article 16 “shall not apply” to any person held liable for violating article 10 of the Labor Law, which imposes on owners and contractors a nondelegable duty to maintain a safe workplace. To construe CPLR 1602 (2) (iv) as creating a blanket non-delegable duty exception would render CPLR 1602 (8) meaningless and redundant. Such a construction, “resulting in the nullification of one part of the [statute] by another,” is impermissible
 
 (Matter of Albano v Kirby, supra,
 
 36 NY2d, at 530; McKinney’s Cons Laws of NY, Book 1, Statutes § 98, at 223), and violates the rule that all parts of a statute are to be harmonized with each other, as well as with the general intent of the statute
 
 (Matter of Society of N. Y. Hosp. v Del Vecchio,
 
 70 NY2d 634, 636).
 

 Thus, giving effect to “all the language employed by the particular legislation”
 
 (Ferrin v New York State Dept. of Correctional Servs.,
 
 71 NY2d 42, 47), we conclude that CPLR 1602 (2) (iv) is not an exception to limited liability but a savings provision that preserves vicarious liability
 
 (see, Faragiano v Town of Concord,
 
 96 NY2d 776,
 
 supra
 
 [decided today]).
 

 Our holding today is fully consistent with article 16’s purpose. Reading 1602 (2) (iv) as an exception would impose joint and several liability on municipalities, landowners and employers, who often owe a non-delegable duty or are vicariously liable for their agents’ actions. Ironically, these are precisely the entities that article 16 was designed to protect
 
 {see,
 
 Insuring Our Future, Report of Governor’s Advisory Commn on Liability Insurance,
 
 op. cit,
 
 at 130-131). To construe 1602 (2) (iv) as an exception to apportionment would defeat the legislative goal of benefitting low-fault, “deep pocket” defendants by imposing joint and several liability whenever a defendant’s liability is based on a non-delegable duty or respondeat superior.
 

 Further, as this Court has recognized, there is no general rule as to what constitutes a non-delegable duty
 
 (see, Kleeman v Rheingold,
 
 81 NY2d 270, 275). Rather, the determination “necessarily entails a
 
 sui generis
 
 inquiry, since the conclusion ultimately rests on policy considerations”
 
 (id.).
 
 Given the
 
 *49
 
 breadth of responsibilities that may be considered non-delegable, we cannot conclude that the Legislature intended to exclude the breach of every non-delegable duty from article 16.
 

 Our reading of CPLR 1602 (2) (iv) as a savings provision is also supported by the Governor’s Approval Memorandum, which states:
 

 “The bill also preserves rules of vicarious liability under which one party is liable to the same extent as another.
 
 The crafting of these
 
 exceptions and savings provisions
 
 reflects careful deliberations over the appropriate situations for a modified joint and several liability rule and demonstrates the benefits of addressing this important reform through the legislative process” (Governor’s Approval Mem, Bill Jacket, L 1986, ch 682, reprinted in 1986 McKinney’s Session Laws of NY, at 3184 [emphasis added]).
 

 We reject the interpretations of some courts holding that CPLR 1602 (2) (iv) creates a non-delegable duty exception to article 16 (see,
 
 e.g., Nwaru v Leeds Mgt. Co.,
 
 236 AD2d 252;
 
 Cortes v Riverbridge Realty Co.,
 
 227 AD2d 430). None of these cases involve any meaningful analysis of CPLR 1602 (2) (iv); rather, they assume, without explanation, that CPLR 1602 (2) (iv) precludes application of CPLR 1601. As discussed above, that conclusion is incorrect.
 

 Nor did our recent decisions in
 
 Morales v County of Nassau
 
 (94 NY2d 218) and
 
 Cole v Mandell Food Stores
 
 (93 NY2d 34) recognize a non-delegable duty exception to limited liability under article 16. In both cases, we held that the issue of whether a purported non-delegable duty exception applied was unreviewable because of the plaintiffs’ failure to plead it
 
 (Morales, supra,
 
 94 NY2d, at 223;
 
 Cole, supra,
 
 93 NY2d, at 38-39).
 
 Morales
 
 and
 
 Cole
 
 should not be read as creating a non-delegable duty exception. Indeed, both appeals were resolved without reaching the question before us today: whether CPLR 1602 (2) (iv) precludes apportionment for noneconomic damages among joint tortfeasors where liability arises from a breach of a non-delegable duty. Having determined that it doés not, we conclude that the County is entitled to a jury charge on apportionment between itself and King.
 

 Accordingly, we answer the certified question as follows: CPLR 1602 (2) (iv) does not preclude a tortfeasor such as the County, in the facts and circumstances of this case, from seeking apportionment.
 

 
 *50
 
 Chief Judge Kaye and Judges Smith, Levine, Wesley, Rosenblatt and Graffeo concur.
 

 Following certification of a question by the United States Court of Appeals for the Second Circuit and acceptance of the question by this Court pursuant to section 500.17 of the Rules of the Court of Appeals (22 NYCRR 500.17), and after hearing argument by counsel for the parties and consideration of the briefs and the record submitted, certified question answered as follows: CPLR 1602 (2) (iv) does not preclude a tortfeasor such as the County, in the facts and circumstances of this case, from seeking apportionment.