*777 OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be reversed, with costs, plaintiffs’ motion to amend their amended complaint denied, defendant Town’s cross motion for partial summary judgment on its second affirmative defense for apportionment under CPLR article 16 granted and the certified question answered in the negative.
Seventeen-year-old plaintiff Paul Faragiano was injured when a Jeep in which he was a passenger veered off the road, rolled over several times and struck a camper parked nearby. Faragiano, by his guardian, commenced this action against, among others, the driver of the Jeep, the owner of the camper, the contractor that resurfaced the road and the Town of Concord. As relevant here, plaintiffs allege that the Town negligently constructed and maintained its road and that its contractor, defendant Midland Asphalt, negligently permitted a build-up of oil or tar on the road. The Town asserted, as an affirmative defense, that its liability for any noneconomic losses should be apportioned among the other tortfeasors pursuant to CPLR article 16. Plaintiffs moved to amend their pleadings to allege that CPLR 1602 (2) (iv) precluded apportionment. The Town then cross-moved for partial summary judgment on its article 16 defense, arguing that CPLR 1602 (2) (iv) is not an exception to apportionment under article 16, but a savings provision that preserves vicarious liability. Supreme Court granted plaintiffs’ motion to amend their pleadings and denied the Town’s cross motion for partial summary judgment. The court concluded that because the Town’s liability arose from a breach of a non-delegable duty, it could not invoke limited liability under CPLR article 16.
The Appellate Division affirmed and held that CPLR 1602 (2) (iv) bars a defendant from seeking apportionment under article 16 where liability is based on a non-delegable duty or respondeat superior (272 AD2d 975, 976). The Appellate Division then granted the Town leave to appeal and certified the following question to us: “Was the order of this Court entered May 10, 2000 properly made?” Based on our decision in Rangolan v County of Nassau (96 NY2d 42 [decided today]), we answer that question in the negative.
In Rangolan, we rejected the argument that CPLR 1602 (2) (iv) bars apportionment of noneconomic damages among joint tortfeasors where liability arises from a breach of a non-delegable duty. Instead, we held that CPLR 1602 (2) (iv) is a sav *778 ings provision that ensures that a defendant under a non-delegable duty remains vicariously liable for the negligence of its delegates or employees. Thus, here, plaintiffs cannot rely on CPLR 1602 (2) (iv) to preclude the Town from seeking apportionment between itself and other joint tortfeasors for whose liability it is not answerable. However, to the extent plaintiffs allege that the Town is vicariously liable for the negligence of defendant Midland Asphalt in its resurfacing of the road, we note that CPLR 1602. (2) (iv) precludes apportionment between them (see, Rangolan, supra, 96 NY2d 42 [decided today]; see also, Lopes v Rostad, 45 NY2d 617, 623 [a municipality owes a non-delegable duty to maintain its roads in a reasonably safe condition]).
Chief Judge Kaye and Judges Smith, Levine, Ciparick, Wesley, Rosenblatt and Graffeo concur in memorandum.
Order reversed, etc.