■ James S. Denio, as Guardian of Sarah J. Denio, Appellant, v State of New York et al., Respondents. (Claim No. 88215.) [723 NYS2d 914] —Order unanimously affirmed without costs. Memorandum: The Court of Claims properly denied claimant's motion to amend the claim to allege that defendants' liability is joint and several; to strike the affirmative defense alleging that defendants' liability is several under CPLR article 16; and to direct that various claimed exemptions or exceptions under CPLR article 16 (see, CPLR 1602 [2] [iv]; [6], [7]) apply to this case to warrant the imposition of joint liability upon defendants. There is no merit to claimant's assertion that CPLR 1602 (2) (iv), relating to a non-delegable duty on the part of a defendant, constitutes an exception to the rule of several liability of CPLR article 16 (see, Faragiano v Town of Concord, 96 NY2d 776; Rangolan v County of Nassau, 96 NY2d 42). Further, the court properly determined that the exceptions set forth in CPLR 1602 (6) and (7), relating to a defendant's use, operation or ownership of a motor vehicle or motorcycle or a defendant's reckless disregard for the safety of others, have no application to this case.

In any event, the court properly denied the motion to amend as untimely made. The motion was not made until 18 months after the trial on liability and seven months after the court had issued its decision thereon. Claimant's failure to move prior to the completion of the trial on liability, when defendants could have taken factual or legal countersteps, prejudiced defendants, thus barring claimant from invoking the CPLR article 16 exceptions (see, Cole v Mandell Food Stores, 93 NY2d 34, 39-40; see also, Morales v County of Nassau, 94 NY2d 218, 224). (Appeal from Order of Court of Claims, NeMoyer, J.—Amend Pleading.) Present—Pigott, Jr., P. J., Pine, Hayes, Kehoe and Burns, JJ.