■ KEVIN GRANT et al., Respondents-Appellants, v JOHN ORE et al., Respondents, CITY OF NEW YORK, Appellant-Respondent, et al., Defendant. [725 NYS2d 386] —In an action to recover damages for personal injuries, etc., the defendant City of New York appeals, as limited by its brief, from so much of a judgment of the Supreme Court, Kings County (Bernstein, J.) entered July 28, 1999, as, upon a jury verdict on the issue of liability finding it 25% at fault in the happening of the accident and the defendant John Ore 75% at fault, is in favor of the plaintiffs and against it, and the plaintiffs cross-appeal from so much of the same judgment as, upon an order of the same court dated March 1, 1999, granting that branch of the motion of the defendant City of New York which was to limit its liability pursuant to CPLR article 16 to 25% of the damages sustained for past and future pain and suffering, granted that relief.

Ordered that the judgment is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

On the afternoon of August 30, 1991, the injured plaintiff, Kevin Grant, was riding in the cargo portion of an Isuzu Trooper which was being driven by his stepfather, the defendant John Ore, in the right lane of the Brooklyn-bound Williamsburg Bridge. At that time the defendant City of New York was performing maintenance work on the bridge. While there

were no signs warning of the upcoming maintenance work, there was an illuminated arrow board directing traffic to merge into the unobstructed left-hand lane. According to his testimony, Ore did not see the site of the maintenance work or the arrow until it was too late to move into the left lane. As a result, the Isuzu crashed into the truck on which the arrow board was attached. At the same time, a car driven by the defendant Allan Loke struck the rear of the Isuzu. As a result of this accident, the injured plaintiff was rendered a paraplegic.

The injured plaintiff and his mother commenced this action against, among others, Ore, Loke, and the City of New York. The jury found Ore 75% at fault and the City 25% at fault in the happening of the accident. The court subsequently ruled that the City could limit its liability for non-economic loss to 25% pursuant to CPLR article 16. This appeal and cross appeal ensued.

The jury verdict was based upon both legally sufficient evidence and a fair interpretation of the evidence (*see, Cohen v Hallmark Cards,* 45 NY2d 493; *Nicastro v Park,* 113 AD2d 129).

The Supreme Court properly limited the liability of the defendant City of New York for non-economic loss to its proportionate share of fault as determined by the jury (*see,* CPLR 1601). CPLR 1602 (2) (iv) does not create an exception to CPLR 1601 where, as here, a tortfeasor's liability arises by reason of a non-delegable duty, but, rather, is "a savings provision that preserves principles of vicarious liability" (*Rangolan v County of Nassau,* 96 NY2d 42, 45).

Here, while the City's liability arose by virtue of its non-delegable duty to maintain its roads in a safe condition, CPLR 1602 (2) (iv) does not preclude the apportionment of damages between the City and the defendant John Ore, the driver of the car in which the injured plaintiff was a passenger and a joint tortfeasor for whose liability the City is not answerable (*see, Rangolan v County of Nassau, supra; Faragiano v Town of Concord,* 96 NY2d 776).

The parties' remaining contentions are either unpreserved for appellate review or without merit. Krausman, J. P., S. Miller, McGinity and Schmidt, JJ., concur.