■ SUSAN J. RUCKER, as Administratrix of the Estate of MICHAEL J. RUCKER, Deceased, Respondent, v VIRGINIA E. ALLIS et al., Defendants, and BERNARD POTTER et al., Appellants. [732 NYS2d 493] —Order unanimously reversed on the law without costs, motion denied, cross motions granted and complaint and cross claims against defendants Bernard Potter and Town of Somerset dismissed. Memorandum: Plaintiff commenced this action to recover for the alleged conscious pain and suffering and wrongful death of Michael J. Rucker (decedent), whose motorcycle collided head-on with a minivan operated by defendant Virginia E. Allis on a highway maintained by defendant Town of Somerset (Town). The collision occurred as Allis attempted to pass a slow-moving tractor driven by defendant Bernard Potter.

Supreme Court erred in granting plaintiff's motion to amend the complaint to allege that "the Town may not seek the protections of Article 16 of the CPLR by reason of its non-delegable duty to safely maintain its roadways." The proposed amendment is based on CPLR 1602 (2) (iv), which "is not an exception to apportionment under CPLR article 16, but a savings provision that preserves the principles of vicarious liability" (*Rangolan v County of Nassau,* 96 NY2d 42, 45; *see, Faragiano v Town of Concord,* 96 NY2d 776; *Denio v State of New York,* 283 AD2d 937). Because the proposed amendment is patently lacking in merit, plaintiff's motion should have been denied (*see, Razey v Wacht,* 281 AD2d 941, 942).

We further conclude that the court erred in denying the cross motion of Potter seeking summary judgment dismissing the complaint and cross claims against him. Potter sustained his

burden of demonstrating his freedom from negligence in the operation of his tractor, and further established the lack of any causal connection between his conduct and the accident (*see, Rzepecki v Yauch,* 277 AD2d 984, 985; *Cardy v Garretson,* 277 AD2d 1039, 1040; *Elmer v Kratzer,* 267 AD2d 1073, 1073-1074, *lv denied* 94 NY2d 763). Plaintiff failed to raise a triable issue of fact sufficient to defeat Potter's cross motion (*see, Fiore v Mitrowitz,* 280 AD2d 919, 920; *Barile v Carroll,* 280 AD2d 988, 988-989).

Finally, we conclude that the court erred in denying the cross motion of the Town seeking summary judgment dismissing the complaint and cross claims against it. The Town sustained its burden of demonstrating its entitlement to judgment as a matter of law on the issue of causation, and plaintiff failed to raise a triable question of fact with respect to that issue (*see, Clark v City of Lockport,* 280 AD2d 901; *Gilberto v Town of Plattekill,* 279 AD2d 863, *lv denied* 96 NY2d 710; *Palloni v Town of Attica,* 278 AD2d 788, *lv denied* 96 NY2d 709). (Appeals from Order of Supreme Court, Niagara County, Lane, J.; Decision of Koshian, J.—Summary Judgment.) Present—Pine, J. P., Wisner, Hurlbutt, Kehoe and Gorski, JJ.