[908 NYS2d 861]

Mark S. Taylor et al., Plaintiffs, v Paskoff & Tamber, LLP, et al., Defendants. (And a Third-Party Action.)

Supreme Court, New York County, October 4, 2010

## APPEARANCES OF COUNSEL

*Norman Leonard Cousins*, New York City, for plaintiffs. *Paskoff & Tamber, LLP*, New York City, for defendants.

## OPINION OF THE COURT

Michael D. Stallman, J.

It is ordered that this motion for renewal and reargument is granted only to the extent that reargument is granted, and upon reargument, the court adheres to its prior decision and order, and the motion is otherwise denied.

In this legal malpractice action, plaintiffs allege that they hired defendants to represent them in a private adoption from a Russian woman. According to plaintiffs, defendants did not prepare a binding extrajudicial consent from the birth mother for the adoption in compliance with Domestic Relations Law § 115-b. In the underlying motion in 2007, plaintiffs moved to dismiss, among other things, defendants' tenth affirmative defense (the limitations of CPLR article 16), arguing that CPLR article 16 did not apply in this action. By decision and order dated December 5, 2007, the court dismissed, among other things, the tenth affirmative defense. The court agreed with plaintiffs that CPLR article 16 did not apply. Plaintiffs now move to amend the court's prior decision and order with the rationale that plaintiffs originally advanced in favor of dismissal.

As defendants indicate, plaintiffs' instant motion was made almost three years after the decision for which plaintiffs seek renewal and reargument. However, defendants neither contend nor demonstrate that the motion was not made "within thirty days after service of a copy of the order determining the prior motion and written notice of its entry." (CPLR 2221 [d] [3]; *Taylor v Paskoff & Tamber, LLP*, Sup Ct, NY County, index No. 119108/2006.)

Renewal is denied. Although the motion was denominated as a motion for renewal and reargument, the grounds for renewal were not separately argued or supported. (CPLR 2221 [f].) Plaintiffs do not present any new or intervening material facts or controlling law that would have changed the court's prior determination. The out-of-state cases relied upon by plaintiffs predated the underlying motion.

Reargument is granted, to the extent that the court's prior decision and order could be viewed as granting a motion to dismiss based on a ground not raised in the motion papers, which arguably impeded plaintiffs' opportunity to respond to it. (*Greene v Davidson*, 210 AD2d 108, 109 [1st Dept 1994].) Upon reargument, the court adheres to its prior decision and order, including the rationale challenged here.

In the prior motion, plaintiffs argued that the affirmative defense of CPLR article 16 did not apply in this action, because this action did not involve personal injuries and because defend-

ants had a nondelegable duty to plaintiffs, citing CPLR 1602 (2) (iv) and *Rangolan v County of Nassau* (96 NY2d 42 [2001]). Plaintiffs' reliance upon *Rangolan* was misplaced. There, the Court of Appeals held, "CPLR 1602 (2) (iv) is not an exception to apportionment under CPLR article 16, but a savings provision that preserves the principles of vicarious liability." (*Rangolan*, 96 NY2d at 45.) "To construe CPLR 1602 (2) (iv) as creating a blanket non-delegable duty exception would render CPLR 1602 (8) meaningless and redundant." (*Id.* at 48.) Because CPLR 1602 (2) (iv) is not construed as an "exception" to the apportionment rule, but rather as a "savings provision," plaintiffs may not cite CPLR 1602 (2) (iv) for the proposition that they fall under an exception to the apportionment rule. Vicarious liability does not appear to be a theory of liability in this action.

Nevertheless, CPLR article 16, as a matter of law, was not applicable to this legal malpractice action. Plaintiffs' contention that CPLR article 16 applied only to personal injury actions was not an accurate statement of the law. Rather, as discussed in the court's prior decision and order, CPLR article 16 applies only to noneconomic damages, such as pain and suffering and emotional injury that may be sought in personal injury actions. This raised the issue of whether emotional distress and pain and suffering are recoverable in an action for legal malpractice.

"[E]motional damages are not recoverable in a legal malpractice action." (*Kaiser v Van Houten*, 12 AD3d 1012, 1014 [3d Dept 2004]; *Risman v Leader*, 256 AD2d 1245 [4th Dept 1998]; *Dirito v Stanley*, 203 AD2d 903 [4th Dept 1994].) "A cause of action for legal malpractice does not afford recovery for any item of damages other than pecuniary loss so there can be no recovery for emotional or psychological injury." (*Wolkstein v Morgenstern*, 275 AD2d 635, 637 [1st Dept 2000].)

Plaintiffs argue that emotional distress and pain and suffering should be recoverable where the legal malpractice concerns adoption and custody cases. Plaintiffs concede that New York courts have never recognized such an exception, but assert that other states have permitted recovery of emotional damages in legal malpractice actions, citing *Kohn v Schiappa* (281 NJ Super 235, 656 A2d 1322 [1995]) and *McEvoy v Helikson* (277 Or 781, 562 P2d 540 [1977]). Plaintiffs also cite *Douglas v Delp* (987 SW2d 879 [Tex 1999]), which reviewed the cases that have addressed the issue and held that "when a plaintiff's mental anguish is a consequence of economic losses caused by an at-

torney's negligence, the plaintiff may not recover damages for that mental anguish." (*Douglas*, 987 SW2d at 885.)

The court finds unpersuasive the out-of-state cases that plaintiffs cite. The "Court's holding in *Wolkstein v Morgenstern* (*supra*), limiting victims of legal malpractice to pecuniary damages, although issued in the context of a claim of legal malpractice in a civil action, amounts to a policy-based ruling not limited to that context." (*Wilson v City of New York*, 294 AD2d 290, 292-293 [1st Dept 2002].) Given that plaintiffs conceded that no reported New York case has permitted recovery of emotional damages in a legal malpractice action involving representation in adoption or custody matters, the court sees no reason to depart from well-established appellate authority. Plaintiffs have not met their burden of convincing the court to depart from well-settled principles of New York law. Accordingly, the court adheres to its prior rationale, decision, and order, which dismissed defendants' tenth affirmative defense.

That is not to say that the measure of damages for pecuniary loss in a legal malpractice action could not, as a matter of law, include the amount of pain and suffering that a plaintiff would have recovered in a negligence action but for the malpractice of the attorney representing that plaintiff in the underlying negligence action. Such noneconomic loss may be sought in certain kinds of legal malpractice actions unlike that alleged here. For example, should an attorney's malpractice vitiate a plaintiff's opportunity to pursue an underlying action in which noneconomic loss might have been sought, that noneconomic loss would be an element of the damages of economic loss attributable to the attorney's wrongdoing sought to be recovered in the legal malpractice action. Here, there was no underlying tort litigation that the attorney allegedly mishandled.

Given all the above, the court need not reach defendants' arguments that the motion papers were not timely served by overnight delivery. The court notes that the affidavit of service indicates that the papers were served by electronic means, i.e., e-mail, not overnight delivery. As per an e-mail exchange which follows the affidavit of service, it appears that the parties agreed to service by e-mail.