(November 9, 2010)

■ LANI J. AUGHENBAUGH et al., Appellants, v NAPPER TANDY's OF NORTHPORT, Doing Business as NAPPER TANDY's, et al., Respondents. (And a Third-Party Action.) [911 NYS2d 161]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Costello, J.), dated September 17, 2009, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is denied.

The plaintiffs allege that they were involved in a collision with an intoxicated driver, who was served alcohol by the defendants while he was in a "visibly intoxicated" condition, in

violation of General Obligations Law § 11-101 (1) (Alcoholic Beverage Control Law § 65 [2]). After issue was joined, the defendants moved for summary judgment dismissing the complaint based upon the deposition testimony of their bartender, who testified that at the end of her shift at 7:00 P.M. on the day of the accident, the driver did not appear to be intoxicated. Since the driver did not leave the defendants' establishment until more than an hour later, and he continued drinking alcohol during that period, the defendants failed to establish their entitlement to judgment as a matter of law (*see Dugan v Olson*, 74 AD3d 1131 [2010]; *McGovern v 4299 Katonah*, 5 AD3d 239 [2004]; *Smith v Blue Mtn. Inn*, 255 AD2d 920 [1998]; *Gray v Hedlund*, 244 AD2d 948 [1997]).

Accordingly, the Supreme Court should have denied the defendants' motion for summary judgment.

The defendants' remaining contentions either are without merit or need not be addressed in light of our determination. Rivera, J.P., Chambers, Austin and Sgroi, JJ., concur.