Phillip v. Amnesia

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 26th day of March, two thousand thirteen.

PRESENT: DENNIS JACOBS,
                                    **Chief Judge,**
                    ROSEMARY S. POOLER,
                                    **Circuit Judge.**
                    ERIC N. VITALIANO,
                                    **District Judge.**\*

- - - - - - - - - - - - - - - - - - - - -X

JESSIE PHILLIP,
        **Plaintiff-Appellee,**

        **-v.-**                                              12-802

UNITED FORCE SECURITY CORP.,
        **Defendant-Cross Defendant,**

        **and**

_____

        \* The Honorable Eric N. Vitaliano, District Judge of the United States District Court for the Eastern District of New York, sitting by designation.

1

**AMNESIA JV LLC, DBA AMNESIA NYC,**
        **Defendant-Cross Claimant-**
        **Appellant.**

- - - - - - - - - - - - - - - - - - - - -X

**FOR APPELLANT:**                    NICHOLAS HURZELER, Lewis
                                       Brisbois Bisgaard & Smith LLP,
                                       New York, New York.

**FOR APPELLEE:**                     EDWARD SIVIN, Sivin & Miller,
                                       LLP, New York, New York.

Appeal from a judgment of the United States District Court for the Southern District of New York (Cedarbaum, <u>J.</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED.**

Amnesia JV LLC ("Amnesia"), which operates a nightclub in midtown Manhattan, appeals from a judgment entered in the United States District Court for the Southern District of New York (Cedarbaum, <u>J.</u>).  The jury found that Amnesia breached its duty to maintain a reasonably safe environment for its customers, and awarded Plaintiff-Appellee Jessie Phillip $300,000 after he was brutally beaten by a group of unidentified individuals at the nightclub.  We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

Amnesia first appeals the district court's refusal to deliver a comparative fault jury instruction pursuant to N.Y.C.P.L.R. § 1601, which provides that a defendant found to be fifty percent or less at fault may apportion its liability for non-economic damages among other tortfeasors-- a provision "intended to remedy the inequities created by joint and several liability on low-fault, 'deep pocket' defendants." <u>Rangolan v. Cnty. of Nassau</u>, 96 N.Y.2d 42, 46, 749 N.E.2d 178, 182 (2001).  Amnesia argues that the district court should have instructed the jury to apportion liability between Amnesia and United Force Security Corp. ("United Force"), with which Amnesia contracted to provide security at the nightclub.

2

The evidence did not support such a charge.  United Force defaulted, and was dropped from the case.  As a result, there was no evidence introduced at trial concerning the actions of United Force employees, and thus no evidence upon which a jury could base a comparative fault determination.  In any event, Amnesia's non-delegable duty to maintain a reasonably safe environment is unaffected by § 1601.  See N.Y.C.P.L.R. § 1602(2)(iv) (stating that Article 16 shall "not be construed to impair, alter, limit, modify, enlarge, abrogate or restrict any liability arising by reason of a non-delegable duty or by reason of the doctrine of respondeat superior"); see also Rangolan, 749 N.E.2d at 47 (holding that a defendant that hires an independent contractor to carry out a non-delegable duty "remains vicariously liable for the contractor's negligence, and cannot rely on CPLR 1601(1) to apportion liability between itself and its contractor").

Amnesia also appeals the denial of its motion for a directed verdict, arguing that no rational juror could find that it breached its duty of care and that this alleged breach was a proximate and foreseeable cause of Phillip's injuries.

Taking the latter issue first, New York requires an owner of real property to maintain its premises "in a reasonably safe condition in view of all the circumstances, including the likelihood of injury to others, the seriousness of the injury, and the burden of avoiding the risk."  Basso v. Miller, 40 N.Y.2d 233, 241 (1976) (internal quotations and citations omitted).  "[L]andlords and permittees have a common-law duty to minimize foreseeable dangers on their property, including the criminal acts of third parties."  Maheshwari v. City of N.Y., 2 N.Y.3d 288, 294, 810 N.E.2d 894, 897 (2004).

The risk of assault by one patron or another is foreseeable in the operation of a crowded nightclub--as evidenced by Amnesia's decision to deploy approximately eighteen security guards each night.  SA 142.  While Amnesia might not have foreseen "the exact manner in which the disturbance was precipitated and concluded," it could reasonably anticipate that a disturbance might occur.  Rotz v. City of New York, 143 A.D.2d 301, 305, 532 N.Y.S.2d 245

3

(1st Dep't 1988); id. at 305-06 ("That defendant could not anticipate the precise manner of the accident or the exact extent of injuries . . . does not preclude liability as a matter of law *where the general risk* and character of injuries are foreseeable.") (internal quotations and citations omitted).

Amnesia contends that it fulfilled its duty to maintain a reasonably safe environment; however, Phillip put forth considerable evidence to the contrary. By all accounts, the beating lasted for at least several minutes, and was precipitated by a physical confrontation between Phillip's cousin and another patron. The women with Phillip testified that they were screaming for help, yet no security guards or nightclub employees offered any assistance. The beating stopped only when the assailants grew tired. Certainly, this testimony suffices to create a triable issue of fact. Cf. Jayes v. Storms, 12 A.D.3d 1090, 1091, 784 N.Y.S.2d 471 (4th Dep't 2004) (where patron was injured in a restaurant bar, there were "issues of fact with respect to 'the length and intensity of the altercation before plaintiff sustained [his] injury . . . and the reasonableness of defendant's response thereto") (internal citations omitted); Dollar v. O'Hearn, 248 A.D.2d 886, 887, 679 N.Y.S.2d 230 (3d Dep't 1998) ("Plaintiff's uncontroverted assertions that many of the guests were loud, boisterous and rowdy . . . are sufficient to raise questions of fact as to whether defendants should have been aware . . . that a potentially dangerous situation existed, and if so, whether they breached their duty to exercise adequate supervision and control over their patrons' behavior.").

Finally, the court denied Amnesia's motion for a mistrial following a remark made during opposing counsel's opening statement. This Court will vacate a jury verdict due to misconduct where "[counsel] so persistently and continuously abused the freedom afforded [him] that his presentation . . . was based on an appeal to passion and prejudice not warranted by the proof." Koufakis v. Carvel, 425 F.2d 892, 904 (2d Cir. 1970) (citation and quotation marks omitted). This determination turns in part on "the number and gravity of counsel's improprieties" and will result in vacatur where "admonitions by the trial judge . . . cannot possibly serve to cure all the prejudice." Id.

4

This Court reviews a lower court's refusal to grant a mistrial for abuse of discretion. <u>Santa Maria v. Metro-North Commuter R.RU.</u>, 81 F.3d 265, 273 (2d Cir. 1996).

An interrupted clause in the plaintiff's opening statement stated that "Club Amnesia had approximately 30 cameras covering--", at which point defense counsel objected and the court sustained the objection. A 97. The court had earlier ruled that any alleged spoliation of evidence was not to be discussed before the jury, and at sidebar, the court reiterated this point. A 97-99. This clause, without more, does not carry the prejudicial effect that Amnesia attributes to it. In any event, the district court did not abuse its discretion in denying the motion for a mistrial.

For the foregoing reasons, and finding no merit in Amnesia's other arguments, we hereby **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK