Abdus-Salaam, J.
(dissenting). The majority’s interpretation of CPLR 1601 is a strained reading of the statutory language and contravenes the legislative goal of limiting the liability of any and all tortfeasors who are responsible for 50% or less of the total liability. The majority’s analysis gives the State a preferred status over other tortfeasors, despite no indication that the legislature intended such a result, and notwithstanding that the plain reading of the text indicates the legislature simply wanted to create parallel rights of apportionment for state tortfeasors and non-state tortfeasors. Furthermore, the majority’s holding creates anomalous situations that I do not believe were intended by the legislature: (1) a defendant in Supreme Court cannot shift liability to the nonparty State, but *753 a state defendant in the Court of Claims can shift liability to a private party; and (2) a plaintiff in the Court of Claims will face apportionment with the State pointing to an empty chair, but a plaintiff in the Supreme Court will not face apportionment where the empty chair is the State. Accordingly, I respectfully dissent, and would affirm the Appellate Division’s order.
CPLR article 16 was promulgated as a modification of the common-law theory of joint and several liability, the purpose of which was “to remedy the inequities created by joint and several liability on low-fault, ‘deep pocket’ defendants” (Rangolan v County of Nassau, 96 NY2d 42, 46 [2001]). As we noted in Rangolan, the statute was especially intended to benefit governmental entities such as municipalities (e.g., the defendant State, in plaintiffs’ Court of Claims action) and landowners (e.g., the defendant Home Place, in plaintiffs’ Supreme Court action) (see Rangolan at 48, citing the report issued by the Governor’s Advisory Commission on Liability Insurance, chaired by former Court of Appeals Judge Hugh R. Jones, referenced in the majority opinion at 751).
In resolving this appeal, we are guided by the established principle that “the statutory text ... is the clearest indicator of legislative purpose” (Matter of M.B., 6 NY3d 437, 447 [2006]). In my view, the majority’s analysis of the text, while appropriately focused on the word “jurisdiction,” ignores the meaning of the word “or,” and fails to adequately weigh the significance of the phrases “due diligence” and “over such person.”
The first general provision of CPLR 1601 (1) states:
“Notwithstanding any other provision of law, when a verdict or decision in an action or claim for personal injury is determined in favor of a claimant in an action involving two or more tortfeasors jointly liable or in a claim against the state and the liability of a defendant is found to be fifty percent or less of the total liability assigned to all persons liable, the liability of such defendant to the claimant for non-economic loss shall not exceed the defendant’s equitable share determined in accordance with the relative culpability of each person causing or contributing to the total liability for non-economic loss” (emphasis added).
The general provision, by its use of the term “or” in referring to an action involving two or more tortfeasors jointly liable or *754 in a claim against the State, indicates that the legislature intended to address alternative situations (see McKinney’s Cons Laws of NY, Book 1, Statutes § 235, Comment [“Use of the conjunction ‘or’ in a statute usually indicates that the language is to be construed in an alternative sense”]; see also McSweeney v Bazinet, 269 App Div 213, 216 [3d Dept 1945], affd 295 NY 797 [1946]; Webster’s Ninth New Collegiate Dictionary 829 [Merriam-Webster 9th ed 1986] [“or” is “used as a function word to indicate an alternative ccoffee (or) tea> <sink (or) swim>, the equivalent or substitutive character of two words or phrases”]). Thus, the general provision applies alternatively—equivalently, to state tortfeasors or non-state tortfeasors. In other words, whether in Supreme Court or the Court of Claims, in a personal injury action involving jointly liable tortfeasors, where the liability of a tortfeasor is found to be 50% or less of the total liability, that tortfeasor’s monetary share of the damages may not be greater than the share of liability assigned to that tortfeasor.
The statute’s application to either state tortfeasors or non-state tortfeasors is again addressed in the first proviso, which states:
“provided, however that the culpable conduct of any person not a party to the action shall not be considered in determining any equitable share herein if the claimant proves that with due diligence he or she was unable to obtain jurisdiction over such person in said action (or in a claim against the state, in a court of this state)” (CPLR 1601 [1]).
Again, the use of the word “or,” which the majority does not address, demonstrates that the legislature was indicating alternative, equivalent situations—non-state tortfeasors as well as state tortfeasors. The parenthetical language was a technical change, “made to ensure that the State can take advantage of the modifications in joint and several liability contained” in the statute (Mem of Dept of Law, Bill Jacket, L 1986, ch 682 at 14). There is no indication in the legislative history that the legislature intended that the State be given special status under CPLR 1601. The State has waived its sovereign immunity and an action seeking damages for personal injury may be commenced against the State in the Court of Claims (see Court of Claims Act § 8).
Furthermore, if the legislature had actually wanted to preclude a private tortfeasor from seeking apportionment *755 against the State in Supreme Court, in contravention of the overall purpose of CPLR 1601 which is to limit the liability of low-fault tortfeasors to only their actual share of responsibility (see Chianese v Meier, 98 NY2d 270, 275 [2002]), it could have simply specified that a joint tortfeasor cannot seek apportionment against the State. It is unlikely that the legislature would carve out such an important exclusion without express language indicating its intent. Yet, the majority concludes that the apportionment rule, vis-a-vis state tortfeasors, is the polar opposite in Supreme Court than it is in the Court of Claims.
The majority points out that the statute “was the product of a painstaking balance of interests . . . including], among many others, the burdens to be imposed on innocent plaintiffs” (majority op at 750, 752, quoting Morales v County of Nassau, 94 NY2d 218, 224-225 [1999]). But the majority does not explain why the legislature would treat “innocent plaintiffs” less favorably in the Court of Claims than in Supreme Court. And yet, that is a consequence of the majority opinion, because it exposes a plaintiff in the Court of Claims to apportionment,[1] but does not similarly disadvantage a plaintiff in Supreme Court when the nonparty tortfeasor is the State. The legislature has evinced no intention of exposing plaintiffs suing the State in the Court of Claims to the apportionment of damages, while permitting plaintiffs in Supreme Court to escape that outcome.[2]
Furthermore, while the majority correctly recognizes that “jurisdiction” “is a word of elastic, diverse, and disparate meanings” (majority op at 747, quoting Lacks v Lacks, 41 NY2d 71, 74 [1976]), the majority veers off course when it applies the broadest possible interpretation of that term, without giving due weight to the context in which it is used. I do not quarrel with the majority’s point that in CPLR 1601, the legislature did not expressly specify whether it was referring to personal or subject matter jurisdiction. However, I disagree with the conclusion that because the legislature did not so specify, it must have been referring to either personal or subject matter jurisdiction.
*756 The statute’s requirement that the plaintiff exercise due diligence to obtain jurisdiction over a tortfeasor cannot possibly refer to a court’s subject matter jurisdiction, where the plaintiff’s due diligence has no bearing because a plaintiff can do nothing to affect a court’s subject matter jurisdiction over the parties’ claims. Instead, the phrase “due diligence” only makes sense in relation to personal jurisdiction, where a plaintiff may or may not exercise due diligence (see generally CPLR 308). Similarly, the phrase “over such person” makes sense when “jurisdiction” is read as “personal jurisdiction,” as the phrase is meaningless in the context of subject matter jurisdiction, which refers to the authority of a court to hear particular claims. Hence, the reference to jurisdiction in the statute logically refers only to personal jurisdiction.
Moreover, that the legislature did not specify personal or subject matter jurisdiction cannot simply be discounted as imprecise drafting. The Supreme Court always has subject matter jurisdiction over personal injury actions (other than those interposed against the State), although it might not always have personal jurisdiction. There would be no reason for the legislature to be concerned with subject matter jurisdiction in the context of a personal injury action, such as this case. Consequently, in enacting CPLR 1601, the legislature must have sought to address situations in which a party cannot obtain jurisdiction “over such person.”
As noted by the majority, the conclusion reached by most courts and legal scholars that have considered the meaning of the term “jurisdiction” in the context of this statute is that personal jurisdiction, not subject matter jurisdiction, is the focus of the statute (see majority op at 746-747). In reaching the opposite conclusion, the majority’s analysis ignores the context in which the term is used, and the descriptive phrases of “due diligence,” and “over such person,” which clearly only apply to personal jurisdiction.
In sum, given the purpose of CPLR 1601, which is to limit the liability of “low-fault, ‘deep pocket’ defendants” (Rangolan at 46), there is no reason why the State should be permitted to demonstrate the culpability of nonparties in the Court of Claims but defendants in Supreme Court should not have the parallel right to demonstrate the State’s culpability. Contrary to the majority’s conclusion, the language of the statute does not require this disparate treatment of state tortfeasors and private tortfeasors, but instead, calls for comparable treat *757 ment. The majority’s construction of the statute does not promote equity (see majority op at 752); it promotes inequity, by elevating the rights of plaintiffs in Supreme Court over those of plaintiffs in the Court of Claims, and the rights of state tortfeasors in the Court of Claims over those of private tortfeasors in Supreme Court.
Chief Judge DiFiore and Judges Fahey and Garcia concur; Judge Abdus-Salaam dissents and votes to affirm in an opinion in which Judge Rivera concurs; Judge Wilson taking no part.
Order modified, without costs, by denying the motion of defendant Home Place Corporation insofar as it sought a jury charge on apportionment of liability of the State of New York pursuant to CPLR 1601, and, as so modified, affirmed, and certified question answered in the affirmative.

. As noted in the majority opinion, any apportionment determination in one court is not binding on the other court (majority op at 745 n 1).

. I acknowledge that because a plaintiff cannot commence a personal injury action against a private tortfeasor in the Court of Claims, and cannot bring a personal injury action against the State in Supreme Court, the empty chair element of apportionment can result in an outcome that does not fully compensate a plaintiff. However, that is fundamentally rooted in the division of our court system, and not in this statute.