■ BRIAN R. VAN VLACK, Respondent, v ROBERT P. BAKER et al., Defendants, and STEVEN MARTENS et al., Appellants. [663 NYS2d 49] —In an action to recover damages for personal injuries pursuant to General Obligations Law § 11-100, the defendant Steven Martens and the defendant Christopher Shultz separately appeal from an order of the Supreme Court, Putnam County (Hickman, J.), dated June 18, 1996, which denied their respective motions to apply CPLR article 16 to this action.

Ordered that the order is reversed, on the law, with costs, and the defendants' motions are granted.

There is no merit to the plaintiff's contention that the defendants Steven Martens and Christopher Shultz, each of whom was found by a jury to be 15% at fault for the plaintiff's injuries under General Obligations Law § 11-100 (the social host statute), may not benefit from the protection afforded by CPLR 1601. CPLR 1601 limits the liability of a defendant found to be 50% or less at fault in causing the plaintiff's noneconomic losses to that defendant's share of the fault (*see,* CPLR 1601; *Siler v 146 Montague Assocs.,* 228 AD2d 33). Since the instant situation does not fall within any of the exceptions to CPLR

1601 that are enumerated in CPLR 1602, it was improper for the court to determine that CPLR 1601 did not apply to the appellants on the ground that the policies underlying the enactment of General Obligations Law § 11-100 outweighed the policies underlying the subsequent enactment of CPLR article 16 (*see,* McKinney's Cons Laws of NY, Book 1, Statutes §§ 73, 74, 94; *see also, Arbegast v Board of Educ.,* 65 NY2d 161, 169; *Easley v New York State Thruway Auth.,* 1 NY2d 374, 379; *Schrader v Carney,* 180 AD2d 200; *Robinson v June,* 167 Misc 2d 483). Pizzuto, J. P., Santucci, Friedmann and Luciano, JJ., concur.