OPINION OF THE COURT
Allan L. Winick, J.
*36 The issue raised in this case involves the application of CPLR article 16 and its effect on the instructions to be given to the jury concerning apportionment of fault between tortfeasors, one of whom was negligent and the other an intentional tortfeasor, not a party to the lawsuit.
To set this issue clearly in context, the court will set forth the first paragraph of Justice Santucci’s opinion at the Appellate Division, Second Department, verbatim, in the case of Siler v 146 Montague St. Assocs. (228 AD2d 33, 34): "In this case we confront the issue of whether a landlord, who has been sued for negligence in an action based upon premises security, can seek apportionment of liability pursuant to CPLR article 16 against a nonparty intentional tortfeasor. We conclude that this question should be answered in the affirmative.”
That case involved the violent assault of the plaintiff by an intruder into her apartment, the intruder having made a duplicate key to the apartment after being furnished the original key by the landlord for the purpose of repairs being made in the apartment. Having been found negligent by the jury for its conduct and ineffective security, the landlord sought to apportion the total fault between itself and the nondefendant intentional tortfeasor, the man who committed the violent assault.
In the case before this court, suit was brought against the County of Nassau alleging negligence on the part of its police department arising from the following facts.[1]
Plaintiff and her husband had an ongoing marital dispute. He had in the recent past thrown a substance in plaintiff’s eyes, temporarily, blinding her, stolen her car and threatened to kill her. On January 8, 1992, plaintiff obtained a temporary order of protection against her husband from the Family Court, Queens County.[2] The order was renewed by that court on January 27, 1992 and was in effect on the night of the incident which gave rise to the suit against the County, February 13, 1992. The Family Court had also issued a warrant for the husband’s arrest.
On that night plaintiff had attended night classes at LaGuardia Community College in Long Island City. At about *37 10:00 p.m., she entered her car and shortly after she started to move, her husband, who had hidden himself in the car (apparently having a Set of keys to gain entrance), jumped into the front passenger seat, showed his wife a knife and told her to drive home in Far Rockaway.
The route she took led her to Rockaway Turnpike in North Lawrence, just over the Nassau County border. There she spotted two police cars from the Nassau County Police Department with flashing roof lights. Two police officers had responded to the area in response to a motor vehicle accident. Plaintiff stopped, jumped out of her car, and began screaming to attract their attention. The police officers responded to her screams. She told them that her husband was in the car, had threatened her with a knife, that she had an order of protection and that there was an arrest warrant outstanding against him. She then gave one of the officers a copy of the order and he showed it to the other officer on the scene.
Plaintiff testified that her husband was taken out of the car and told to stand on the curb. She was told that they would take care of it and she should go on her way which she did.[3]
Early the next morning, her husband, who was not arrested by the police, nor brought before a court, assaulted plaintiff with a machete, severely injuring her. He later pleaded guilty to attempted murder, second degree, and was sentenced to prison, where he died.
Citing Siler (supra), the County requested an apportionment charge to the jury, allowing them to apportion the total fault between the County and plaintiffs husband.
For the reasons then stated on the record and which now follow, the court declined to so charge, refusing any apportionment of the fault if the County was found to be negligent due to the failure of the police to arrest her husband.
Before stating its reasons for its refusal to charge, the court told defendant it was aware of the Siler case (supra) and its holding, and acknowledged its obligation to follow the ruling of the Appellate Division,[4] but stated that this case was distin *38 guishable because of the unique circumstances leading to plaintiffs injuries.
This court believes that the facts of this case bring into play public policy considerations not present in Siler (supra) which dictate a different result.
Article 1 of the Family Court Act establishes procedures for that court to issue orders of protection for the specific purpose of enabling the petitioner to obtain an order, which must be enforced by police officers, and to enable the petitioner to avoid the infliction of violence upon the petitioner by a spouse.
Section 168 (1) of that Act provides that the "presentation of a copy of an order of protection or temporary order of protection or a warrant or a certificate of warrant to any * * * police officer shall constitute authority for him to arrest a person charged with violating the terms of such order of protection or temporary order of protection and bring such person before the court and, otherwise, so far as lies within his power, to aid in securing the protection such order was intended to afford” (emphasis supplied).
Clearly, the Legislature in enacting these provisions imposed an absolute duty on the Nassau County police to act in the situation presented to them on February 13, 1992 and to arrest plaintiff’s husband when made aware of the order of protection as represented by the copy given to the police or the arrest warrant, or the other circumstances described by plaintiff to the police.
In addition, there was in force and effect an order No. 2 of 1990, by the Police Commissioner of Nassau County, outlining for the police actions they must take in cases of domestic violence or domestic disturbance. This order, under the circumstances found by the jury, was not followed by the police and plaintiff’s husband was not arrested, although the order required them to do so.
Nor did the police attempt to verify the issuance of an arrest warrant against her husband. What of her complaint about the use of a knife by her husband to threaten her?
Even without the order of protection, it follows that the police were required to arrest plaintiff’s husband based upon a complaint that he threatened to kill her with a knife he was displaying to her during the ride home, or based upon the outstanding arrest warrant against him.
Even accepting the police version of events, at about 11:00 p.m. they saw a woman in the road waving her hands and *39 screaming as they approached her, they were advised by her that the man in the car was her husband, he didn’t belong there and she wanted him out, one must conclude that a domestic disturbance was involved and domestic violence was a foreseeable event if they took no action to prevent it.
At a minimum, both the Police Commissioner’s order No. 2 and the requirements of law dictated further police action, and investigation followed by arrest.
None was forthcoming.
There is a great hue and cry today about courts trying to meet situations of domestic violence. Indeed, our Chief Judge has taken extraordinary steps to acquaint the judiciary with recognizing and dealing with domestic violence.
Shall this court allow the County of Nassau to slough off its obligations in dealing with domestic violence by allowing its claim to a right to apportion the fault to the perpetrator of the violence?
Wouldn’t this defeat the Legislature’s and the Police Commissioner’s intention to help protect the victims of domestic violence?
What did the Legislature intend when it said in Family Court Act § 168 (1) in respect to a police officer "and, otherwise, so far as lies within his power, to aid in securing the protection such order was intended to afford”? (Emphasis supplied.)
What would all this mean if the County was allowed to diminish their responsibility for the tragedy which befell the plaintiff by apportioning the fault between themselves and the very husband because of whom they were under a duty to protect plaintiff?
For the reasons stated, this court has declined to charge the jury that they may make such an apportionment. Public policy prohibits it.

. It should be noted that on the issue of liability the jury returned a verdict against the County finding that there was a special duty or relationship by the police toward plaintiff, that the police failed to perform that duty, and the failure to so perform was a substantial factor in bringing about plaintiff’s injuries.

. Plaintiff and her husband resided in Far Rockaway, Queens County.

. The jury was instructed on the issues of negligence, proximate cause, and what factors had to be proved to constitute a special duty or relationship of the police to plaintiff. (See, Cuffy v City of New York, 69 NY2d 255, 260.) The finding of liability represents their acceptance of plaintiffs version of the facts, which were disputed by the police officers.

. The decision of the Appellate Division was not unanimous, there being one dissenter. This court, needless to say, is aware that even nonunanimous *38 decisions of the Appellate Division are binding on it, unless and until the Court of Appeals speaks otherwise.