■ BENITA N. MORALES, Respondent, v COUNTY OF NASSAU, Appellant. [683 NYS2d 127] —In an action to recover damages for personal injuries, the defendant appeals from a judgment of the Supreme Court, Nassau County (Winick, J.), dated December 2, 1997, which, upon a jury verdict, is in favor of the plaintiff and against it in the principal sum of $1,550,000.

Ordered that the judgment is reversed, on the law, and a new trial is ordered as to both liability and damages, with costs to abide the event.

The plaintiff produced evidence which tended to establish that, shortly after entering her car on the evening of February 13, 1992, her husband, Teodoro Morales, who had been hiding in the back seat, brandished a knife and commanded her to drive home. The plaintiff then drove away and continued driving until, upon seeing a Nassau County police car, she jumped out of her car, and screamed to the officers for assistance. The plaintiff testified that she produced a copy of an order of protection issued by the Family Court, Queens County, and displayed it to one officer, who then showed it to another officer. The plaintiff testified that she asked the officers to arrest her husband based on the order of protection and a warrant which she told the officers was outstanding. The plaintiff's evidence supports the conclusion that, in response to her entreaties, one of the officers stated words to the effect, "lady, please, go, go, we gonna take care him. Go lady". The plaintiff testified that she drove away believing that her husband, who had been removed from the car, had been, or would be, arrested.

The plaintiff later testified that, at approximately 6:30 A.M. on the morning of February 14, 1992, her husband attacked her in her driveway with a machete. The plaintiff now seeks to impose liability for the injuries inflicted in this attack on the defendant County of Nassau, based on the alleged failure of the Nassau County Police Officers to arrest her husband. To-

ward the conclusion of the trial, the defendant requested that the court instruct the jury that any liability on its part was to be apportioned with respect to the liability of the nonparty tortfeasor, Teodoro Morales, the man who intentionally injured the plaintiff. In its decision on this issue (*see, Morales v County of Nassau,* 175 Misc 2d 35), the Supreme Court held that such an apportionment charge was not warranted. The court explained why, in its view, the decision of this Court in *Siler v 146 Montague Assocs.* (228 AD2d 33) was not controlling. The defendant now appeals from the judgment which was entered after the jury's verdict on liability and damages.

In *Siler v 146 Montague Assocs.* (*supra*), this Court held that a merely negligent tortfeasor, such as the landlord in the *Siler* case, may seek apportionment of liability under CPLR article 16 from the nonparty intentional tortfeasor who actually inflicted the injuries suffered by the plaintiff. We do not agree with the Supreme Court that the facts of the present case remove it from the ambit of our holding in *Siler*. The social importance which inheres in the strict enforcement of orders of protection relating to domestic violence does not change the essentially secondary nature of the negligence which might be attributed to the defendant in this case, negligence which stands in stark contrast to the act of intentional and criminal violence committed by Teodoro Morales. Also, in our opinion, the law does not impose on police officers a "non-delegable duty" to arrest, within the meaning of CPLR 1602 (2) (iv), in every case where the police officers might have the authority to arrest. We find that the "non-delegable duty" exception set forth in CPLR 1602 (2) (iv) does not apply to the facts of this case, and we therefore conclude that the Supreme Court erred in refusing to issue an apportionment charge (*see also, Van Vlack v Baker,* 242 AD2d 704; *Perez v City of Peekskill,* 214 AD2d 552; *cf., Cortes v Riverbridge Realty Co.,* 227 AD2d 430).

In light of the fact that a new trial is warranted, we note that, upon the new trial, Edward Samuelson, the potentially important witness called by the defendant, who was not permitted to testify for procedural reasons, should be permitted to testify.

The remaining issues raised by the appellant are academic in light of this determination. Bracken, J. P., Copertino, Thompson and McGinity, JJ., concur.