OPINION OF THE COURT
 

 Ciparick, J.
 

 This case raises two questions under CPLR article 16, which in certain circumstances limits a tortfeasor’s joint liability. First, does plaintiff’s failure to plead statutory exemptions to article 16 prevent this Court from reviewing their applicability? We conclude that it does. Second, does the public policy favoring enforcement of orders of protection override article 16? We conclude that it does not. The Legislature has explicitly provided a list of exemptions in article 16, none relating to domestic violence or orders of protection. A policy decision to provide such an exemption rests with the Legislature.
 

 On the evening of February 13, 1992, plaintiff pulled her car alongside an area where Nassau County police officers were investigating an auto accident and jumped out, screaming for help. Plaintiff informed the officers that her husband, Teodoro Morales, against whom she had obtained an order of protection, was in her car threatening her with a knife. Plaintiff showed the officers the order of protection and told them that there was a warrant for her husband’s arrest based on a previous violation of the order. The officers removed plaintiff’s
 
 *222
 
 husband from the car and one of them assured her that they would take care of him. After plaintiff left, however, the officers did not arrest her husband. The next morning, as plaintiff left home for work, her husband, who had been hiding outside, attacked her with a machete, inflicting serious injuries.
 

 Plaintiff sued Nassau County for the negligence of its police officers in failing to take her husband into custody. Plaintiff did not join her husband as a defendant, nor was he impleaded by the County as a party, nor did plaintiff plead any exemptions to article 16. At the pre-charge conference, defendant County requested that Supreme Court charge the jury that liability for plaintiff’s injuries could be apportioned between itself and the husband. Defendant argued that CPLR article 16, which limits a tortfeasor’s joint liability for non-economic losses to its proportional share if its culpability is 50% or less, applied to this case. The Trial Judge declined to instruct the jury that they may apportion culpability between the County and the intentional tortfeasor, plaintiff’s husband, because of a “very strong issue of a public policy as established in the Family Court Act with respect to orders of protection.” The jury returned a $1.5 million verdict for non-economic losses against defendant.
 

 On appeal to the Appellate Division, the County challenged the. trial court’s ruling barring article 16 from the case. In addition to defending the trial court ruling that there was a “domestic violence” exemption to article 16, plaintiff argued that apportionment did not apply both because the case involved an intentional tort (CPLR 1602 [5]) and because the County had violated a non-delegable duty (CPLR 1602 [2] [iv]). The Appellate Division reversed, holding that none of the proffered exemptions applied. Relying on
 
 Siler v 146 Montague Assocs.
 
 (228 AD2d 33,
 
 appeal dismissed
 
 90 NY2d 927), the Court held that apportionment between a negligent and an intentional tortfeasor was appropriate. It also held that the officers were not under a non-delegable duty. Finally, the Appellate Division rejected the trial court’s holding that public policy prohibited apportionment. In ordering a new trial, the Appellate Division concluded that the County’s negligence stood “in stark contrast to the act of intentional and criminal violence committed by Teodoro Morales” (256 AD2d 608, 609).
 

 Lacking finality, an order of the Appellate Division granting a new trial typically would not be appealable to this Court, but plaintiff has stipulated that, upon affirmance, judgment absolute shall be entered against her, permitting an exceptional appeal as of right (see, CPLR 5601 [c]).
 

 
 *223
 
 Enacted in 1986 as part of a larger package of tort law reform legislation, CPLR article 16 modified the traditional rules of joint and several liability (L 1986, ch 682). Before article 16, a plaintiff could hold any one tortfeasor liable for the entire loss, even though it may have been only partially responsible (see,
 
 Sommer v Federal Signal Corp.,
 
 79 NY2d 540, 556). After article 16, a joint tortfeasor can now limit its liability for non-economic losses to its proportional share upon proof that it is 50% or less culpable for a personal injury (CPLR 1601, 1603). The modified rules, however, do not apply in all personal injury cases as the Legislature enacted a set of exemptions that preserved the traditional rule (CPLR 1602). CPLR 1603 requires a party asserting an exemption to article 16 to “allege and prove [it] by a preponderance of the evidence.”
 

 Plaintiff did not plead the intentional tort or non-delegable duty exemption and did not move to amend her complaint until now. Defendant therefore argues that the question of whether any exemptions embodied in CPLR 1602 (2) (iv) or 1602 (5) apply, is not reviewable here.
 

 Absent prejudice, CPLR 3025 authorizes amendment to pleadings “at any time.” However, the procedural posture of this case prohibits our addressing plaintiff’s motion to amend. On an appeal taken pursuant to stipulation for judgment absolute, the only matter this Court may consider is whether the Appellate Division erred as a matter of law in granting the new trial
 
 (Matter of Wilcox v Zoning Bd. of Appeals,
 
 17 NY2d 249, 254; Karger, Powers of the New York Court of Appeals § 47, at 293 [3d ed]). After the stipulation, which confines our review to the question whether the Appellate Division’s reversal was proper, the time to amend had passed.
 

 In
 
 Cole v Mandell Food Stores
 
 (93 NY2d 34, 40), we held that CPLR 1603 required that “a defendant potentially subject to the weight of a full judgment must have appropriate notice [of why article 16 might not apply] provided by pleadings.” In
 
 Cole,
 
 plaintiff sought to have the question whether defendant had breached a non-delegable duty under CPLR 1602 (2) (iv) addressed for the first time on appeal. Unaccompanied by any notice in the pleadings that would allow defendant to mount a defense to such allegations, plaintiff ran afoul of the “plain words of CPLR 1603” and could not raise the issue
 
 (Cole v Mandell Food Stores, supra,
 
 93 NY2d, at 39-40). This case is indistinguishable: just as in
 
 Cole,
 
 plaintiff here has failed to comply with the statutory mandate. Under CPLR 1603, plaintiff was required to affirmatively plead any exemption under article 16 she wished to have considered.
 

 
 *224
 
 As we noted in
 
 Cole,
 
 “in keeping with the liberal rules of CPLR 3025, courts have generally permitted plaintiffs to amend the pleadings at various points throughout an action in order to comply with CPLR 1603”
 
 (Cole v Mandell Food Stores, supra,
 
 93 NY2d, at 39 [citations omitted]). Having failed to plead the exemptions in her original complaint, once the County requested an apportionment charge, plaintiff should have moved to amend her pleading to include any possible article 16 exemptions. Plaintiff did not do so then or at any time prior to the presentation of the appeal to this Court. We therefore cannot review plaintiff’s claims that the intentional tort and non-delegable duty exemptions to article 16 apply.
 

 Finally, we reject the trial court’s reasoning that article 16 does not apply in cases alleging negligent enforcement of orders of protection because of public policy concerns. While there is a strong public policy of encouraging enforcement of orders of protection, the Legislature has not chosen to include such an exemption in article 16
 
 (see,
 
 Family Ct Act § 168; CPL 140.10 [4] [b], [c];
 
 Sorichetti v City of New York,
 
 65 NY2d 461;
 
 Mastroianni v County of Suffolk,
 
 91 NY2d 198). Plaintiff asks this Court to create an entirely new exemption that is not suggested by the language of the statute or its history. This we cannot do.
 

 This Court has repeatedly declined to interfere with the Legislature’s policy choices as beyond the realm of judicial authority
 
 (Iazzetti v City of New York,
 
 94 NY2d 183, 191 [decided today];
 
 Jensen v General Elec. Co.,
 
 82 NY2d 77;
 
 Sherman v Robinson,
 
 80 NY2d 483;
 
 Sheehy v Big Flats Community Day,
 
 73 NY2d 629;
 
 Thornton v Roosevelt Hosp.,
 
 47 NY2d 780;
 
 Matter of Steinhardt v Johns-Manville Corp.,
 
 54 NY2d 1008). Where the Legislature has spoken, indicating its policy preferences, it is not for courts to superimpose their own.
 

 Here, the Legislature has spoken. In section 1602, it has provided an extensive list of exemptions from the modified joint and several liability rule. Relying on the standard canon of construction of
 
 expressio unius est exlusio alterius,
 
 we can infer that the expression of these exemptions in the statute indicates an exclusion of others. This is especially true in the case of article 16, which, as demonstrated by its legislative history, was the product of a painstaking balance of interests. These interests included, among many others, the burdens to be imposed on innocent plaintiffs as well as a concern that defendants at fault to a small degree were consistently paying a disproportionate share of damages awards, adversely affect
 
 *225
 
 ing the availability and affordability of liability insurance. As the Governor explained in approving the legislation:
 

 “The crafting of these exceptions and savings provisions reflects careful deliberations over the appropriate situations for a modified joint and several liability rule and demonstrates the benefits of addressing this important reform through the legislative process” (Governor’s Approval Mem, Bill Jacket, L 1986, ch 682, reprinted in 1986 NY Legis Ann, at 289).
 

 An additional exemption for domestic violence, enacted by judicial fiat, would upset this careful balance struck by the Legislature.
 

 Accordingly, the order of the Appellate Division should be affirmed, without costs, and judgment absolute dismissing the complaint granted upon plaintiffs stipulation. Plaintiffs motion to amend the complaint should be dismissed as academic.
 

 Chief Judge Kaye and Judges Bellacosa, Smith, Levine, Wesley and Rosenblatt concur.
 

 Order affirmed, etc.