[729 NYS2d 478]

CYNTHIA CONCEPCION, Respondent, et al., Plaintiff, v NEW YORK CITY HEALTH AND HOSPITALS CORPORATION, Appellant, et al., Defendants.

First Department, August 2, 2001

## APPEARANCES OF COUNSEL

*Alexander J. Wulwick* of counsel (*Salzman, Ingber & Winer,* attorneys), for respondent.

*Paul L. Herzfeld* of counsel (*Francis F. Caputo* on the brief; *Michael D. Hess, Corporation Counsel* of New York City, attorney), for appellant.

## OPINION OF THE COURT

LERNER, J.

In this post-trial personal injury action, we are called to determine whether defendant was entitled, pursuant to article 16 of the Civil Practice Law and Rules, to a charge of apportionment of liability between defendant and the intentional tortfeasor who inflicted serious injury upon plaintiff.

Plaintiff, then 16 years old, sustained personal injuries while she was visiting her cousin at North Central Bronx Hospital. Plaintiff had a confrontation with Iliana Ramos, an out-patient at the hospital. Ms. Ramos is not a party to this action. Several months earlier, Ramos and plaintiff's sister had a physical confrontation in which Ramos stabbed the sister with an ice pick. Upon seeing plaintiff at the hospital, Ramos threatened her and said she would "get" her. Plaintiff and her friend informed the maternity nurse about the incident, indicating that plaintiff felt threatened. The nurse told plaintiff that she would alert security but never did. A few moments later, Ramos attacked plaintiff, slashing her face with a box cutter. Hospital security apprehended Ramos and detained her for the police.

After trial of this personal injury action, the jury found defendant 100% liable for plaintiff's injuries and awarded plaintiff $1,000,000 for past pain and suffering, $200,000 for future pain and suffering and $10,000 for future plastic surgery.

Defendant challenges the verdict as being against the weight of the evidence. It contends that plaintiff's testimony was inconsistent and unreliable. Defendant further submits that plaintiff's evidence cannot be reconciled with the various objective time records maintained by the hospital and that the jury had to believe that there was a conspiracy among the defendant's witnesses to falsify their testimony and hospital records in order to reach its verdict.

We find defendant's arguments to be without merit. A fair interpretation of the evidence supports the jury's liability verdict, which, in large part, depended upon witness credibility on the issue of whether defendant had reason to know that the

person on its premises who attacked plaintiff had threatened her and was dangerous (*see, Mazariegos v New York City Tr. Auth.*, 230 AD2d 608, 609-610).

Defendant also challenges a ruling made at the charge conference that there would be no apportionment charge given to the jury. The court ruled that this case fell under the exception set forth in CPLR 1602 (5) for actions which require proof of intent since defendant was seeking an apportionment from Ms. Ramos, an intentional tortfeasor. We conclude that the trial court improperly ruled that CPLR 1602 (5) applied to this action.

CPLR article 16 was adopted in 1986 as part of a package of tort reform legislation (L1986, ch 682). Its purpose was to modify the common-law rule of joint and several liability so as to provide a more just apportionment of risk and entitlement between negligent tortfeasors and tort victims. Article 16 was intended to relieve "deep pocket" defendants, such as municipalities, landowners and employers, which under the common-law rule of joint and several liability could be held for the full amount of large personal injury verdicts for which they were only marginally responsible (*see, Siler v 146 Montague Assocs.*, 228 AD2d 33, 38, *appeal dismissed* 90 NY2d 927).

In order to prevent the injured party from being deprived of a full recovery, CPLR 1602 limits the application of CPLR 1601 by excluding certain types of actions. In actions requiring proof of intent, there is no apportionment of liability (CPLR 1602 [5]). The plain meaning of this limitation is that it applies to "actions" prosecuted against intentional tortfeasors. "Thus, it is clear that in an action which arises solely from negligence and which involves two or more tortfeasors, a defendant whose liability is found to be 50 percent or less can limit his liability to the plaintiff even if the other tortfeasor(s) is not a party to the action" (*Siler v 146 Montague Assocs., supra*, at 38-39).

In the action at bar, the complaint alleges simple negligence against defendant. There are no allegations of willful conduct nor did plaintiff commence an action against Ms. Ramos for the assault. There is nothing in the exclusion that would indicate that it was intended to preclude a negligent tortfeasor from seeking apportionment from an intentional tortfeasor. Moreover, any further extension of the exclusion would defeat the purpose of article 16, which is to protect low-fault, "deep pocket" defendants from being fully liable pursuant to joint and several liability rules. Under the recent doctrine an

nounced in *Rangolan v County of Nassau* (96 NY2d 42), we are compelled to follow this course despite the unlikelihood of any meaningful remedy against the intentional tortfeasor. Since the Legislature's intent has been interpreted by the dissenter to have a purpose inconsistent with the conclusion in *Rangolan*, it is only the Legislature which can speak to this anomaly.

Accordingly, the judgment of Supreme Court, Bronx County (Alan Saks, J., and a jury), entered December 21, 1998, in favor of plaintiff and against defendant the New York City Health and Hospitals Corporation in the principal amount of $1,210,000, should be reversed, on the law, without costs, the judgment vacated, and the matter remanded to Supreme Court for a new trial as to apportionment only.

MAZZARELLI, J. (dissenting). I would affirm the order appealed on the ground that the court properly declined to issue a charge on apportionment. I would hold that this personal injury claim falls under the exception set forth in CPLR 1602 (5) for actions requiring proof of intent, notwithstanding the fact that the identified assailant was not sued herein. As Justice Saxe states in *Chianese v Meier* (285 AD2d 315, 322 [decided herewith]) a premises security case, "to establish that the landlord's negligence was a proximate cause of the assault, the plaintiff must prove the fact of the assault, an intentional act. Accordingly, such actions are best viewed as falling within the category of 'actions requiring proof of intent,' and, as a result, within the exception of [CPLR 1602 (5)]." Here, establishing that defendant's negligence was a proximate cause of plaintiff's injuries requires that plaintiff prove the intentional act of assault. Thus, application in this case of the exception in CPLR 1602 (5) would eliminate the anomaly recognized by the majority between the recovery afforded a plaintiff in cases where the assailants are identified and those where they are not. The majority's determination illustrates the inequity expressed by Justice Ellerin in her dissent in *Roseboro v New York City Tr. Auth.* (286 AD2d 222, 227 [decided herewith]) of allowing "a blameless victim, who cooperates in the vigorous prosecution of a criminal action where the perpetrator is apprehended [to be] penalized by reduction of just compensation for the injuries suffered."

WILLIAMS, J. P., ANDRIAS and FRIEDMAN, JJ., concur with LERNER, J.; MAZZARELLI, J., dissents in a separate opinion.

Judgment, Supreme Court, Bronx County, entered December

21, 1998, reversed, on the law, without costs, the judgment vacated and the matter remanded to Supreme Court for a new trial as to apportionment only.