■ Manuel Martinez, Appellant, v Royal-Pak Systems et al., Respondents. Royal-Pak Systems, Third-Party Plaintiff-Respondent, v PRC Management Corp., Third-Party Defendant-Respondent. [775 NYS2d 135]—

Order, Supreme Court, Bronx County (Barry Salman, J.), entered December 22, 2003, which, in an action for personal injuries by a building employee against the building's owner and the manufacturer of a defective compactor, denied plaintiff's motion to vacate a judgment, same court and Justice, entered July 28, 2003, assessing plaintiff's damages for past and future pain and suffering in the principal amount of $404,000, apportioning liability 50% against plaintiff, 1% against the building owner, 1% against the manufacturer, and 48% against third-party defendant/plaintiff's employer, and awarding plaintiff $2,020 as against each of the main defendants, and to substitute therefor a judgment awarding plaintiff $202,000 as against each of the main defendants, unanimously affirmed, without costs. Appeal from the aforementioned judgment unanimously dismissed, without costs, as superseded by the appeal from the order.

The motion was properly denied where plaintiff did not plead

an exception to CPLR 1601 limiting defendants' liability to their respective equitable shares of fault, and never sought leave to amend his pleadings to include such exception until after the verdict was rendered and the jury was discharged (*see Cole v Mandell Food Stores,* 93 NY2d 34, 39-40 [1999]; *Morales v County of Nassau,* 94 NY2d 218, 224 [1999]). We reject plaintiff's contention that the workers' compensation exception contained in CPLR 1602 (4) was inferentially raised by the allegation in the third-party complaint that plaintiff is third-party defendant's employee. Concur—Tom, J.P., Saxe, Ellerin and Lerner, JJ.