■ LYDIA ROSEBORO, Respondent, v NEW YORK CITY TRANSIT AUTHORITY, Appellant. [782 NYS2d 23]—

Judgment, Supreme Court, New York County (Paula J. Omansky, J.), entered August 6, 2003, which, upon remand for a new trial as to CPLR article 16 apportionment only between defendant New York City Transit Authority and the nonparty tortfeasors of a prior jury damage award of $500,000 for noneconomic loss, apportioned liability for such award 80% against defendant and 20% against the nonparty tortfeasors, unanimously modified, on the facts, and the matter remanded for a new trial on apportionment only, and otherwise affirmed, without costs or disbursements, unless, within 30 days of service of a copy of this order with notice of entry, plaintiffs stipulate to apportion liability 20% against defendant and 80% against the nonparty tortfeasors and to the entry of an amended judgment in accordance therewith.

This case was before us on a prior appeal (*Roseboro v New York City Tr. Auth.*, 286 AD2d 222 [2001], *appeal dismissed* 97 NY2d 676 [2001]). At the original trial in August of 1999, the jury awarded plaintiff $757,000, $500,000 of which was for pain and suffering. The balance was for wrongful death.* The damages arose out of an early Sunday morning beating of the decedent by drug addicts in the course of a robbery on defendant Transit Authority's subway platform, during which decedent was thrown onto the tracks where he was chased by one of his attackers. Eventually, he was struck and killed by an oncoming train. All of these events transpired while defendant's token booth clerk slept at his post with the chase and beatings displayed on a monitor in front of him. The jury found defendant negligent on the theory that the token agent failed to call the police for assistance.

Following precedent from this Court (*see Brewster v Prince Apts.*, 264 AD2d 611 [1999], *lv denied* 94 NY2d 762 [2000]; *Pantages v L.G. Airport Hotel Assoc.*, 187 AD2d 273 [1992]), the trial court refused, as requested, to allow the jury to apportion liability between defendant and his assailants. On appeal, this Court rethought its earlier precedents (*Roseboro, supra*) and, expressing a position ultimately sustained by the Court of Appeals (*see Chianese v Meier*, 98 NY2d 270 [2002]), ruled that defendant should have been allowed to argue that the assailants were largely responsible for decedent's injuries and death and to submit resolution of the issue of apportionment of fault to the jury. We reversed and remanded the matter for a new trial to determine "the extent of the liability of the nonparty

---

* Defendant has already paid the wrongful death award.

intentional tortfeasors" (*Roseboro, supra* at 223). Carrying out this mandate, Supreme Court conducted a new trial on that issue, and the jury apportioned liability 80% against defendant and 20% against the nonparty assailants.

The apportionment reached by the jury cannot stand because it ignores the evidence. As the jury heard, the perpetrators of the heinous crime underlying this lawsuit threw the decedent from the platform, and one of them then chased him from the local to the express tracks where he continued to pummel him and battered his head against a pole, leaving the decedent, bleeding and dazed, to stagger back onto the local tracks and into the path of an approaching train. However blameworthy its sleeping clerk may have been, defendant's share of the responsibility cannot approach the degree of culpability of decedent's attackers. The apportionment is against the weight of the evidence to the extent indicated. Concur—Tom, J.P., Sullivan, Williams, Lerner and Gonzalez, JJ.